```
                                                                    FILED
          UNITED STATES DISTRICT COURT
             DISTRICT OF SOUTH DAKOTA                              JUL 28 2011
                 SOUTHERN DIVISION
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| CORNERSTONE DISTRIBUTING, INC., | CIV 06-4267 |
| Plaintiff, | |
| -vs- | ORDER |
| SCHUFT FAB II, INC. and NICK SCHUFT, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This action involves disputes over an agreement between Plaintiff, Cornerstone Distributing, Inc. ("Cornerstone") and Defendants, Schuft Fab II, Inc. ("SFII") and Nick Schuft ("Schuft"). Cornerstone alleges that Defendants contracted to allow Cornerstone the exclusive right to manufacture, sell, and market a product known as the "Sidewinder." According to Cornerstone, Defendants breached that agreement by manufacturing and selling another product known as the "EZ Handler." In addition to the breach of contract claim, Cornerstone asserts claims for breach of covenant of good faith and fair dealing, deceit, fraud, negligent and fraudulent misrepresentation, failure of consideration and rescission. SFII and Schuft deny Cornerstone's allegations and they assert counterclaims for breach of contract, breach of covenant of good faith and fair dealing, and tortious interference with current and prospective business relationships.

The following motions are pending before the Court: 1) Defendants' Motion for Partial Summary Judgment, doc. 76; 2) Plaintiff's Motion to Explain and Correct Defendants' Exhibits, doc. 94; 3) Plaintiff's Motion for Hearing, doc. 106; and 4) Defendants' Motion to Set Bond, doc. 118.

## BACKGROUND

The background of this case set forth in the Court's Memorandum Opinion and Order issued on June 26, 2008, will not be repeated here. In that Order, the Court enjoined the defendants from selling the EZHandler and any improvements or changes to that product until a judgment is issued

on the merits of this case. The Court requested information from the defendants to assist the Court in determining the security Cornerstone should provide in the event the defendants were wrongfully enjoined. *See* Fed.R.Civ.P. 65(c).[1] That information was not received by the Court until 2010 after the Court issued another Order requesting the information.

At a motion hearing held on June 18, 2008, the trial of this case was stayed pending a determination from the U.S. Patent Office on Cornerstone's patent application for the Sidewinder. On June 15, 2010, Cornerstone advised the Court that the U.S. Patent Office would not be issuing a patent on the Sidewinder. About that same time, the defendants' lawyer withdrew from the case, and the defendants obtained new counsel in December of 2010. The parties mediated the case on March 20, 2011, but they were unable to resolve their disputes. The stay was lifted and the case was scheduled for trial.

## DISCUSSION

As an initial matter, the Court notes a change in the nature of this case by virtue of a patent not being issued for the Sidewinder. Paragraph 6 of the agreement between the parties provides: "In the event the Patent Office will not issue a patent for the Sidewinder SFII agrees to reimburse CDI for the full amount of the attorneys fees spent to apply for a patent plus the original down payment of $75,000 and this contract would become null and void." At the pretrial conference on Monday, August 1, 2011, the parties should be prepared to address whether the agreement is null and void or whether they intend to proceed with their respective breach of contract claims, as well as the basis for continuing to pursue those claims. The parties also will be expected to address whether the preliminary injunction should be dissolved in light of the Patent Office's notification that no patent will be issued for the Sidewinder, as well as any other effect of a patent not being issued for the Sidewinder. The parties will also be expected to address the effect of Cornerstone apparently abandoning the effort to acquire the patent.

---

[1] Specifically, the Court requested that Defendants provide to the Court (1) the number of EZHandlers that were in inventory along with (2) Defendant's cost for each EZHandler, specifying labor and material cost and (3) the number of actuators currently in inventory and (4) the cost of each actuator.

1. <u>Defendants' Motion for Partial Summary Judgment</u>, Doc. 76.

Defendants assert that the non-competition clause of their agreement with Cornerstone impermissibly restrains trade under South Dakota law, SDCL 53-9-8, and, therefore, it is void and unenforceable.[2] The clause provides:

> SFII shall not compete with CDI in the manufacture, sales, marketing, or redesign for the sake of making a similar but slightly different product like the Sidewinder which operates the telehandler arm of all brands of telehandlers or forklifts. The Non Compete is for the entire United States of America.

(Doc. 41-2, Agreement at ¶ 10.) Section 53-9-8 of the South Dakota Codified laws expresses the State's public policy disfavoring contracts in restraint of trade: "Any contract restraining exercise of a lawful profession, trade, or business is void to that extent, except as provided by §§ 53-9-9 to 53-9-12, inclusive." SDCL § 53-9-8; *see also Communication Technical Systems, Inc. v. Densmore*, 583 N.W.2d 125 (S.D. 1998). The South Dakota Supreme Court has set forth three criteria for courts to analyze in determining whether an agreement restrains trade:

1. Does the conduct of the parties concern a "lawful profession, trade or business"?
2. If so, has there been a material restrain upon exercising that "lawful profession, trade or business"?
3. If so, is the conduct authorized by the statutory exceptions contained in SDCL 53-9-9, 53-9-10, or 53-9-11?

*Densmore*, 583 N.W.2d at 128.

The first criteria is not met here. The main purpose of the agreement between the parties was to give Cornerstone the exclusive right to market the Sidewinder and its improvements. The non-compete provision requires that Defendants stay completely out of the business of Sidewinders and its improvements, but nothing else is off-limits. The non-compete does not prohibit Defendants from designing, manufacturing, selling or marketing any other products, or practicing their profession,

---

[2] In their summary judgment motion, Defendants also argued that the Court lacked jurisdiction over a defendant who subsequently was dismissed from the lawsuit pursuant to a stipulation signed by all parties, rendering moot that portion of the summary judgment motion.

trade or business.[3] Because the conduct of the parties in the present case is limited to the Sidewinder and its improvements, the non-competition clause of the agreement is enforceable and Defendants' Motion for Partial Summary Judgment will be denied.

2. <u>Plaintiff's Motion to Explain and Correct Defendants' Exhibits</u>, doc. 94.

This motion will be denied as moot. The Court considered both the new brochure and the old brochure for purposes of the motion.

3. <u>Plaintiff's Motion for Hearing</u>, doc. 106.

This motion will be granted to the extent that the Court will address the issues raised in the Motion for Hearing at the pretrial conference scheduled for Monday, August 1, 2011.

4. <u>Defendants' Motion to Set Bond</u>, doc. 118.

The Court will hear argument on this motion at the pretrial conference. Among other things, Defendants should be prepared to address the effect of their nearly two year delay in providing the Court with information necessary to determine an appropriate amount for the bond.

For the foregoing reasons it is hereby ORDERED:
(1)     Defendants' Motion for Partial Summary Judgment, doc. 76, is denied;
(2)     Plaintiff's Motion to Explain and Correct Defendants' Exhibits, doc. 94, is denied as moot.
(3)     Plaintiff's Motion for Hearing, doc. 106, is granted.; and
(4)     Defendants' Motion to Set Bond, doc. 118, is taken under advisement.

---

[3]Schuft testified that EZHandler sales have constituted only 10% of SFII's business since the time SFII started making the product.

4

Dated this 28th day of July, 2011.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
   (SEAL)   DEPUTY