FILED

AUG 03 2011



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CORNERSTONE DISTRIBUTING, INC., | CIV 06-4267 |
| Plaintiff, | |
| -vs- | ORDER |
| SCHUFT FAB II, INC. and NICK SCHUFT, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A pretrial conference was held in this case on Monday, August 1, 2011. The Court heard from the parties regarding the remaining claims surrounding the Agreement between Plaintiff, Cornerstone Distributing, Inc. ("Cornerstone") and Defendants, Schuft Fab II, Inc. ("SFII") and Nick Schuft ("Schuft"). It was resolved that the remaining claims are Cornerstone's breach of contract claim in the Second Amended Complaint, doc. 35, and Defendants' counterclaims as set forth in the Answer to the Second Amended Complaint, doc. 44.[1] During the hearing, Cornerstone raised the issue whether Schuft Fab and Nick Schuft are the real parties in interest now that all of their assets have been assigned to a bank. The Court granted Cornerstone's request to conduct limited discovery on this issue pursuant to Rule 17 of the Federal Rules of Civil Procedure.

Another issue addressed at the hearing was the effect of Cornerstone apparently abandoning the effort to acquire a patent on the Sidewinder. Paragraph 6 of the agreement provides, in relevant part:

SFII is applying for a provisional patent with the Untied States Patent office and

---

[1] Defendants assert counterclaims for breach of contract, breach of covenant of good faith and fair dealing, and tortious interference with current and prospective business relationships.

> patent rights are pending. CDI agrees that it will pursue at is sole expense and cost obtaining a patent for the Sidewinder. . . .
>
> \* \* \* \*
>
> In the event the Patent Office will not issue a patent for the Sidewinder SFII agrees to reimburse CDI for the full amount of the attorneys fees spent to apply for a patent plus the original down payment of $75,000 and this contract would become null and void.

Although Cornerstone agreed to pursue the patent for the Sidewinder, the Notice of Abandonment from the U.S. Patent Office, dated November 17, 2009, states that the patent application was abandoned in view of Cornerstone's failure to timely file a proper reply to the Patent Office letter mailed on March 16, 2009. (Docs. 108-1; 108-2.)[2] It is the Court's view that pursuit of the patent was a condition precedent to the contract and had to be properly pursued by Cornerstone but was not as evidenced by the Notice of Abandonment. It may have been that a continued prosecution of the patent application would have resulted in a patent on the Sidewinder. A small amount of attorney fees was spent pursuing the patent, ten or twelve thousand dollars. Cornerstone contends it was a business decision not to pursue it further, but the agreement between the parties had no limitation on the cost of obtaining a patent. The amount and the effort expended was modest. The agreement makes clear that Schuft Fab II's duty to pay Cornerstone $75,000 and attorney fees incurred to apply for the patent is not to be performed unless Cornerstone properly pursued the patent. Cornerstone's failure to satisfy the condition precedent discharges Schuft Fab II's obligation to pay Cornerstone $75,000 and patent attorney fees, and the contract does not become null and void.

It appears to the Court that the parties are now in a position where neither can recover from the other. Williston on Contracts observes:

> These principles may be reconciled by a rule providing that where each party to a contract is prospectively unable or unwilling to perform to a degree that the return performance otherwise owed would be excused, so that both have, in effect, repudiated the contract, neither party can recover from the other. In such a case,

---

[2]The Court will take judicial notice of the documents from the United States Patent Office. *See* FED.R.EVID. 201; *Vitek Sys., Inc. v. Abbott Lab.*, 675 F.2d 190, 192 n. 4 (8th Cir. 1982) (judicial notice may be taken of Patent and Trademark Office documents).

the order in which the performances were due by the terms of the contract is wholly immaterial. In connection with this rule, it is here worth reiterating, that a repudiation or other manifestation of unwillingness to perform by either party has the same effect as that party's inability to perform, whether purposeful or not.

15 Williston on Contracts § 43:31 (4th ed.). There are, however, no motions for summary judgment by either party pending at this time.

Finally, at the pretrial conference, both parties agreed that the provision in paragraph 14 of the agreement providing for attorney fees to the prevailing party is valid and enforceable under South Dakota law. Those attorney fees are separate from the question of attorney fees incurred in pursuit of the patent.

IT IS ORDERED that Cornerstone is allowed to conduct limited discovery, in accordance with the ruling at the pretrial conference, to determine if Schuft Fab II and Nick Schuft are the real parties in interest.

Dated this 3rd day of August, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)       DEPUTY

3